UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20803-CIV-MORENO

PINECREST CONSORTIUM, INC.,

    Plaintiff,

vs.

MERCEDES-BENZ USA, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE came before the Court upon the defendant's Motion for Judgment on the Pleadings **(D.E. No. 7)**, filed on **March 27, 2013**.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in view of the plaintiff's lack of standing. The plaintiff purports to bring this action, which deals with alleged delays in obtaining replacement parts for leased Mercedes-Benz automobiles, as an "aggrieved party" under Florida's Deceptive and Unfair Trade Practices ("FDUTPA"). The plaintiff at oral argument stated that he is the father-in-law of the lessee of the Mercedes-Benz automobile for which replacement parts were sought. Counsel for plaintiff further stated that the corporation that is the purported plaintiff in this case was formed for the purpose of bringing lawsuits. The plaintiff corporation does not allege that it has ever owned or leased a Mercedes-Benz. Nowhere in the complaint does the plaintiff allege that it has ever attempted to obtain replacement Mercedes-Benz parts.

By its terms, FDUTPA was enacted to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202, Fla. Stat. The defendant argues that judgment on the pleadings is appropriate because the plaintiff is not a "consumer" in the transaction at issue, and as such, does not have standing to pursue a claim for violation of FDUTPA. In response, the plaintiff argues that FDUTPA allows any person to bring a claim for violation of the statute, which no longer requires that a plaintiff be a "consumer." The plaintiff argues that the statute "merely requires an allegation that the aggrieved party is in a position to complaint (sic) (that he or she or it was aggrieved by the alleged violation) and that the violations has occurred, is now occurring or is likely to occur in the future." D.E. No. 15 at ¶ 3.

While it is true that the statute's original scope has been broadened by subsequent amendments and that the term "consumer" has been replaced by other terms in various places, "the legislative history indicates that these changes were intended only to clarify that both persons harmed in consumption and business entities harmed by competitor's anticompetitive acts, may maintain an action if they were harmed by an act in violation of FDUTPA." *In re Miller*, 418 B.R. 406, 411 (Bankr. N.D. Fla. 2009); *see* Fla. H.R. Comm. Council for Competitive Commerce, HB 685 (2001) Staff Analysis (Mar. 16, 2001; Apr. 18, 2001) (explaining that the 2001 changes to FDUTPA's provisions for a private right of action were only intended to clarify that the remedies available to individuals are also available to businesses harmed by a violation of FDUTPA). Although FDUTPA may extend to protect business entities by such violative practices, "it has no application to entities complaining of tortious conduct which is not the result of a <u>consumer transaction</u>." *H&H Restaurants, LLC*, 2001 WL 1850888, at *9 (S.D. Fla. 2001) (emphasis added).

A "consumer" is one who has engaged in the purchase of goods or services. *See N.G.L. Travel Associates v. Celebrity Cruises, Inc.*, 764 So.2d 672, 674 (Fla. 3d DCA 2000); *National Alcoholism Programs/Cooper City, Fla., Inc. v. Palm Springs Hosp. Employee Benefit Plan*, 825 F.Supp. 299, 302-03 (S.D. Fla.1993).Based on the allegations in the Complaint, the plaintiff cannot be said to be a "consumer" because it has not engaged in any transaction involving either Mercedes-Benz automobiles or replacement parts. Accordingly, because the plaintiff corporation is not a "consumer" as defined by FDUTPA, it does not have standing to bring a claim against the defendant for violation of the statute. The Court finds it appropriate to grant the defendant's Motion for Judgment on the Pleadings. Its therefore

**ADJUDGED** that the defendant's Motion for Judgment on the Pleadings (D.E. No. 7) is GRANTED and the case is CLOSED. Its is further

**ADJUDGED** that the plaintiff's Motion to Remand (D.E. No. 11) is DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of April, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record